■ In the Matter of SARKISIAN BROTHERS, INC., et al., Petitioners, v THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioners failed to pay prevailing wage and wage supplements.

The issue to be resolved in this CPLR article 78 proceeding is whether respondent properly determined that the construction and alteration of Sheldon Hall was a "public works" project within the meaning of and subject to the prevailing wage law (Labor Law § 220). We conclude that the determination is supported by substantial evidence. It should be confirmed and the petition dismissed.

Sheldon Hall is a former classroom building located on the campus of the State University of New York (hereinafter SUNY) at Oswego which had fallen into disrepair and was formally abandoned in 1983 by the vote of SUNY Trustees. SUNY transferred the property to the State Office of General Services (hereinafter OGS), which invited community and college representatives to propose the best use for the building. The building's best use was decided to be as a hotel and convention center.

Subsequently, OGS published an invitation for proposals to lease the building for its "reuse and/or rehabilitation", specifying that the proposal must adhere to certain requirements and limiting the use to a "hotel/conference center, hotel/ apartment or some combination thereof". Petitioners' proposal was chosen and in July 1985 OGS, SUNY and petitioners executed a project agreement and a lease providing that all costs were to be borne by petitioners. There was no mention of it being a public work project subject to the prevailing wage.

An investigator visited the work site in January 1988 while renovations were ongoing in response to a union complaint that there was no rate schedule posted at the site. After a hearing, respondent adopted and confirmed the report and recommendation of the Hearing Officer that the Sheldon Hall renovation was a public work project subject to prevailing

wages. This CPLR article 78 proceeding to annul that determination ensued.

Petitioners argue that the Sheldon Hall renovation is not a public work project because it is a private venture for profit, privately financed, including contracts for all architectural and professional engineering work and subject to real property taxes payable by petitioners. This contention is rejected. The courts initially concluded that two conditions must be fulfilled for the prevailing wage provision's application: "(1) the public agency must be a party to a contract involving the employment of laborers, workmen, or mechanics, and (2) the contract must concern a public works project" (*Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, 537, *affd* 63 NY2d 810). Later, it was stated that "[c]ontemporary definitions focus upon the public purpose or function of the particular project * * *. To be a public work the project's primary objective must be to benefit the public" (citations omitted) (*Matter of 60 Mkt. St. Assocs. v Hartnett,* 153 AD2d 205, 207, *lv granted* 76 NY2d 703; *see also, Matter of Vulcan Affordable Hous. Corp. v Hartnett,* 151 AD2d 84, 87).

The record reveals that the project in dispute was intended to benefit the public. The invitation for proposals specified that the building was to be leased, not sold, as a hotel/conference center. The proposal was awarded based on considerations of revenue to the State, restoration of the landmark site, compatibility with the community and the campus, and the accommodations provided to the community. The lease and the agreement subject all renovations, exterior alterations and design drawings to the approval of OGS and SUNY to ascertain that the needs of the public are met. The lease gives OGS an option to purchase petitioners' leasehold interest "for a use other than a hotel and/or conference center for a purchase price equal to the then appraised value" within 15 years of the execution of the lease. Petitioners' option to purchase the building at the conclusion of the original lease term is conditioned on OGS' determination to sell to a nongovernmental purchaser. There is a guarantee of public access to Sheldon Hall on at least one day per month and 75% of its rooms are to be reserved to SUNY or its affiliates, if not already committed, for certain events. The foregoing provisions tend to demonstrate the public use, public ownership, public access and public enjoyment characteristics of the project and support respondent's determination, which is neither irrational nor unreasonable (*see, Matter of Vulcan Affordable Hous. Corp. v Hartnett, supra,* at 87).

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.