◼ In the Matter of PARKWAY HOSPITAL, Respondent, v DAVID AXELROD, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent David Axelrod, Commissioner of the New York State Department of Health, dated June 17, 1987, which denied the petitioner's application to revise its 1983-1985 third party reimbursement rates based upon the cost of hiring additional nurses, the appeal, by permission, is from an order of the Supreme Court, Queens County (Dunkin, J.), dated January 26, 1990, which, *inter alia,* denied the appellant's motion to

dismiss the petition for failure to exhaust administrative remedies.

Ordered that the order is affirmed, with costs.

In 1985, the petitioner applied to the New York State Department of Health for an increase in its third-party reimbursement rates for the years 1983 through 1985, following a survey of the petitioner's facility conducted by the New York State Department of Health which cited it for deficiencies in its nursing staff. Although the petitioner's application was untimely, insofar as it sought an increase in its third-party reimbursement rates for 1983, the New York State Department of Health reviewed that portion of the application without raising the issue of timeliness. On July 17, 1987, the application was denied in its entirety on the basis that, *inter alia,* the "quantitative nursing staff minima stated and/or implied in the appeal request do not exist as such in the State Hospital Code".

The petitioner did not pursue any further administrative remedies, and instead brought the instant proceeding. The Commissioner moved to dismiss the proceeding for failure to exhaust administrative remedies, but that motion was denied. This appeal ensued.

It is well settled that "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). However, this exhaustion rule need not be followed, for example, when resort to an administrative remedy would be futile, or when it would cause irreparable injury *(Watergate II Apts. v Buffalo Sewer Auth., supra; Matter of Good Samaritan Hosp. v Axelrod,* 150 AD2d 775, 776).

We agree with the Supreme Court's finding that further resort to the administrative appeal process would be futile in the instant case because the Commissioner has already demonstrated his commitment to deny the petitioner's application for reimbursement based upon the lack of a definitive statement as to the minimum number of nurses mandated by the New York State Hospital Code.

We also conclude that the exhaustion of the available administrative remedies will cause irreparable harm. During the pendency of such an appeal regarding reimbursement, the petitioner will have to bear the cost of maintaining an increased nursing staff at substantial expense. Even if only the economic cost of the second floor staff additions need be

considered, as the Commissioner contends, the resulting economic strain suffered by the petitioner adequately demonstrates that this case comes within the irreparable injury exception to the exhaustion doctrine.

The Supreme Court properly refused to entertain the Commissioner's argument based upon the Statute of Limitations since the Commissioner had not raised the Statute of Limitations defense in the administrative proceedings *(see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593; *see also, Matter of Consolidated Edison Co. v Public Serv. Commn.,* 63 NY2d 424, 441). Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.