■ In the Matter of PYRAMID COMPANY OF ONONDAGA, Appellant, v JOHN F. HUDACS, as Commissioner of Labor of the State of New York, Respondent. [597 NYS2d 816] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.), entered October 14, 1992 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent's motion to dismiss the petition/complaint for failure to exhaust administrative remedies.

In 1991, petitioner received two work permits from the Department of Transportation (hereinafter DOT) to perform construction work on petitioner's property and the adjoining highway rights-of-way (hereinafter the project). When completed, the project will allow direct access to Interstate Route 81 from petitioner's shopping center, known as Carousel Center. A work permit issued to petitioner provides that upon satisfactory completion of the work, improvements made on State property, or property dedicated by the permittee to the State, shall become State property.

In 1992, prior to the start of work on the project, the Department of Labor (hereinafter DOL) issued a notice to DOT, informing DOT that petitioner had violated Labor Law § 220 (3-a) (a) by failing to submit a prevailing wage schedule for the project. Although insisting that the project did not constitute a "public work" as defined by case law interpreting Labor Law § 220 et seq., petitioner paid the prevailing wage rate when it began construction in June 1992. In August 1992 petitioner instituted this CPLR article 78 proceeding and action for declaratory judgment, and shortly thereafter obtained a court order temporarily enjoining enforcement of the prevailing wage rate. Since that time, petitioner has been paying into court the difference between the wages actually being paid, pursuant to prior agreements, and the prevailing wage rate. When the petition/complaint was brought, DOL had not yet conducted an investigation of the project or determined whether there had been underpayments to the workers under the prevailing wage law, nor had a hearing been scheduled concerning possible prevailing wage violations.

Respondent thereafter moved to dismiss the petition/com-

plaint claiming, *inter alia,* that petitioner had failed to exhaust its administrative remedies. Supreme Court granted the motion on that basis and petitioner appeals.

We affirm. Resort to judicial review of an agency decision may not be had until all available administrative remedies have been exhausted *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). In the matter at hand, no final agency determination has been reached; in fact, no such decision can be made until a fact-finding hearing has been held. Absent exceptional circumstances, it is only after such a hearing is held, and a final determination made, that an aggrieved party may bring a CPLR article 78 proceeding to challenge the legality of the determination (Labor Law § 220 [8]).

Essentially, what petitioner seeks is unexceptional relief—a declaration that the project is not a public work *(see,* Labor Law § 220 *et seq.; Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, *affd on opn below* 63 NY2d 810). Although petitioner argues that no public agency has directly contracted for the construction of the project, its submission in this regard is not necessarily dispositive of the issue because ancillary contracts may satisfy the requirement of public agency involvement *(see, e.g., Matter of Sarkisian Bros. v Hartnett,* 172 AD2d 895, *lv denied* 78 NY2d 859; *Matter of National R. R. Passenger Corp. v Hartnett,* 169 AD2d 127). Questions such as this cannot be answered without the development of a factual record and an examination of all the circumstances of the project, tasks which the Legislature has assigned, in the first instance, to respondent.

Petitioner also contends that this case fits squarely within established exceptions to the general rule requiring exhaustion of remedies; we are not persuaded. The cases relied upon by petitioner for the proposition that further administrative review would be futile are distinguishable; in all of those cases, the agency head had either explicitly made a determination that negatively affected the petitioners *(see, Matter of Parkway Hosp. v Axelrod,* 178 AD2d 644, 645, *lv dismissed* 80 NY2d 921) or practicality has dictated that such a determination was the only possible outcome of administrative appeals *(see, Usen v Sipprell,* 41 AD2d 251, 255-256). Here, no such final determination has been made and the position taken by various agency officials (e.g., counsel to DOL and investigators in the Bureau of Public Works) cannot be ascribed to respondent, who is charged with making an independent, judicially reviewable determination on the basis of evidence adduced at a hearing. If agency officials did not take the position that the

project was subject to the prevailing wage laws, there would be no need for a hearing; the fact that such a hearing will be conducted, and that agency personnel will present evidence to support their position, does not predetermine the outcome.

Neither do we find that petitioner will be irreparably harmed by waiting until a final determination is issued before allowing judicial review. If petitioner's position is ultimately upheld, it will reacquire the money paid into court. And, although petitioner argues at some length about the possibility of criminal sanctions for its failure to pay prevailing wages, no criminal proceedings have been initiated and, significantly, there has been no indication that they will be.

Finally, there is no merit to petitioner's assertion that DOL is acting "wholly beyond its grant of power" where, as in this instance, it undertakes a bona fide effort to determine whether the prevailing wage law applies to a given project.

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.