[645 NYS2d 633]

In the Matter of PYRAMID COMPANY OF ONONDAGA, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents.

Third Department, July 25, 1996

APPEARANCES OF COUNSEL

*Shanley, Sweeney, Reilly & Allen, P. C.,* Albany *(J. Michael Naughton* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* New York City *(William H. Sherman* of counsel), for respondents.

## OPINION OF THE COURT

CARDONA, P. J.

Petitioner challenges the determination by respondent Commissioner of Labor that portions of a frontage road project (hereinafter the project) constructed on publicly owned land in the City of Syracuse, Onondaga County, are subject to the State's mandatory prevailing wage rate statute for workers employed on the project *(see,* Labor Law § 220). The essential facts are undisputed. In 1991, the Department of Transportation (hereinafter DOT) issued two highway work permits to petitioner for the construction of the project which involved providing direct access to the southbound lanes of Interstate Route 81 from a shopping mall owned by petitioner, known as Carousel Center. The project, which has now been completed, was largely constructed on lands owned by the State. Following acceptance by DOT, the project, including the connecting ramps, was to be turned over to the State. Petitioner contracted with Santaro Industries, Inc. the performance of the work.

In 1992, before construction commenced, respondent Department of Labor (hereinafter DOL) notified DOT that the project was public work and that DOT was therefore required to request a prevailing wage schedule from DOL pursuant to Labor Law § 220 (3-a) (a). Thereafter, DOL informed petitioner's agents and contractors of the requirement to pay prevailing wages. Although petitioner maintained that the project was not public work, it paid the prevailing wage rate when construction began until it commenced a combined CPLR article 78 proceeding and declaratory judgment action seeking a declaration that the project was not public work and obtained a court order temporarily enjoining enforcement of the prevailing wage rate. Thereafter, in compliance with the temporary order, petitioner paid the difference into court between the prevailing wage rates and the rates being paid on the project. Supreme Court dismissed that petition on the ground that

petitioner failed to exhaust its administrative remedies and vacated the temporary order. On appeal to this Court (*see, Matter of Pyramid Co. v Hudacs*, 193 AD2d 924), we affirmed.

On June 27, 1995, an administrative hearing was held pursuant to Labor Law § 220 (8). Upon stipulation of the parties, the hearing was bifurcated. The only issue presented was whether the project was a public works project. After the hearing, the Commissioner adopted and confirmed the report and recommendation of the Hearing Officer that the project was a public works project subject to the prevailing wage law. Petitioner commenced this CPLR article 78 proceeding challenging the Commissioner's determination.

It is well settled that two conditions must be met before the prevailing wage provisions of Labor Law § 220 will be applied to a particular project: "(1) the public agency must be a party to a contract involving the employment of laborers, workmen, or mechanics, and (2) the contract must concern a public works project" (*Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532, 537, *affd* 63 NY2d 810; *see, Matter of National R. R. Passenger Corp. v Hartnett*, 169 AD2d 127).

We have little difficulty finding that the project falls within the parameters of a "public works project" as defined by case law (*see generally, Matter of Sarkisian Bros. v Hartnett*, 172 AD2d 895, *lv denied* 78 NY2d 859; *Matter of Long Is. Light. Co. v Industrial Commr. of N. Y. State*, 40 AD2d 1003, *affd* 34 NY2d 725), satisfying the second condition above. Although financed by private funds, the record demonstrates that the project was intended to benefit the motoring public who will have direct access and enjoyment of it. Furthermore, much of the project was constructed on public land and, upon acceptance by DOT, it will be acquired and maintained by that public agency. The fact that petitioner undertook the venture for profit does not detract from its primary objective to benefit the public (*see, Matter of Sarkisian Bros. v Hartnett, supra*, at 896).

The pivotal issue is whether the record demonstrates that the contract requirement of Labor Law § 220 has been satisfied. Here, it is undisputed that DOT was not a party to any contract involving the construction of the project (*see, Matter of National R. R. Passenger Corp. v Hartnett, supra*). Respondents argue that the highway work permits provide the "contractual link or nexus" to label the project public work within the meaning of Labor Law § 220-d. We disagree. The permits issued by DOT are not "contract[s] for the construction" of the project (Labor Law § 220-d). They do not create

any contractual rights between the State and petitioner (*see, People ex. rel. Lodes v Department of Health*, 189 NY 187, 191). The permits merely grant petitioner a right to access the State highway* under prescribed terms and conditions. The only contract for the construction of the project is between petitioner and Santaro. We find, therefore, that the permits do not satisfy the public works contract requirement of Labor Law § 220. Accordingly, the Commissioner's determination must be annulled.

MIKOLL, CREW III, YESAWICH JR. and SPAIN, JJ., concur.

Adjudged that the determination is annulled, with costs, and petition granted.

---

* The pertinent regulation is 17 NYCRR 125.2 (a), which provides that "[a]ny person, institution, corporation, or other entity desiring permanent or temporary access to a State highway shall obtain a work permit from [DOT] to provide an entrance and/or exit".