■ COUNTY OF SUFFOLK, Appellant, v CORAM EQUITIES, LLC, Respondent. [821 NYS2d 215]—

In an action, inter alia, for the specific performance of a lease provision requiring the payment of prevailing hourly wage rates in accordance with Labor Law § 220, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated January 26, 2005, as denied that branch of its motion which was to direct the defendant to pay the prevailing hourly wage rates in connection with the construction of the subject building.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant is the owner of a certain parcel of real property located in Coram. Pursuant to a lease entered into with the plaintiff, the defendant agreed to construct a building on the parcel at its own expense and to lease 53,000 square feet of space therein to the plaintiff for the purpose of housing "a client services and administration center for the Department of Social Services and the Department of Health Services or other authorized municipal purpose" for a term of 30 years. The lease further recited that the defendant "represents that *in accordance with New York Labor Law Section 220,* the prevailing

hourly rates of wages and the prevailing hourly equivalent of supplements shall be paid for the project. The [defendant] shall submit certified payroll statements, monthly, to the Office of the Suffolk County Architect, Department of Public Works" (emphasis added).

During the construction, the plaintiff commenced this action, alleging that the defendant was not complying with the foregoing contract provision requiring the payment of prevailing wage rates in accordance with the Labor Law. The complaint sought, inter alia, specific performance of the wage provision as well as an award of back pay to those workers who had not received prevailing hourly rates of wages and prevailing hourly equivalent of supplements. Contemporaneously therewith, the plaintiff moved, inter alia, for the same relief. The Supreme Court determined that the lease provision did not require the payment of prevailing hourly wage rates in connection with the construction of the subject building. We agree.

Pursuant to the clear and unequivocal language of the parties' lease, the defendant was only obligated to pay prevailing hourly wage rates and supplements to workers "in accordance with New York Labor Law Section 220." However, in order for Labor Law § 220 to apply, two elements must exist: " (1) the public agency must be a party to a contract involving the employment of laborers, workmen, or mechanics, and (2) the contract must concern a public works project" (*Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532, 537 [1983], *affd* 63 NY2d 810 [1984]; *see Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor*, 223 AD2d 285, 287 [1996]; *Matter of National R.R. Passenger Corp. v Hartnett*, 169 AD2d 127, 130 [1991]). Since the construction of the building in this case did not constitute a "public works project" (*Matter of 60 Mkt. St. Assoc. v Hartnett*, 153 AD2d 205 [1990], *affd* 76 NY2d 993 [1990]), the statute did not apply, and the defendant's failure to pay the prevailing hourly wage rates did not conflict with the parties' contractual agreement that payment be made "in accordance with New York Labor Law Section 220." Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.