■ In the Matter of NEW YORK CHARTER SCHOOL ASSOCIATION et al., Appellants, v M. PATRICIA SMITH, as Commissioner of Labor, Respondent. (Proceeding No. 1.) In the Matter of FOUNDATION FOR A GREATER OPPORTUNITY et al., Appellants, v M. PATRICIA SMITH, as Commissioner of Labor, et al., Respondents. (Proceeding No. 2.) [875 NYS2d 643]—

Malone Jr., J. Appeals from two judgments of the Supreme Court (Lynch, J.), entered May 30, 2008 in Albany County, which, among other things, dismissed petitioners' applications, in two combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment, to review two determinations of respondents ruling that all charter schools are subject to the prevailing wage laws of Labor Law article 8.

In June 2000, respondent Department of Labor (hereinafter DOL) issued an opinion letter determining that contracts for the construction, renovation, repair and maintenance of charter schools were not subject to the prevailing wage provisions of Labor Law article 8. In August 2007, however, it issued an opinion letter completely changing its position and determining that Labor Law article 8 was, in fact, applicable to such contracts. Shortly thereafter, DOL forwarded a copy of its new opinion letter to the Charter Schools Institute and advised that it would begin to enforce prevailing wage laws on all charter school projects for which bids were advertised after September 20, 2007.

These combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment were commenced by petitioners, various charter schools and related entities, against DOL and respondent Commissioner of Labor, challenging DOL's new determinations. Petitioners in proceeding No. 1 include the New York Charter School Association, a charter school advocacy group, Brighter Choice Foundation, Inc., a not-for-profit corporation that provides financial and other support to eight charter schools in Albany County, and Albany Preparatory Charter School, a charter school for which Brighter Choice Foundation is planning to construct and/or renovate a school facility. Petitioners in proceeding No. 2 include Foundation for a Greater Opportunity, a not-for-profit corporation that supports the creation of charter schools and is planning to open six charter schools between 2008 and 2010, as well as Carl C. Icahn Charter School and Carl C. Icahn Charter School-Bronx North, both of which are charter schools located in the Bronx. After respondents served answers in the respective proceedings/actions, Supreme Court held a joint hearing. Following the hearing, Supreme Court ruled, among other things, that the prevailing wage provisions of Labor Law article 8 are applicable to the construction, renovation, repair and maintenance of charter

schools and dismissed the petitions/complaints. Petitioners now appeal.

In general, Labor Law § 220 requires that certain contracts involving the employment of laborers, workers or mechanics on a public work project provide for the payment of the prevailing wage rate. The courts have applied a two-part test, derived from *Matter of Erie County Indus. Dev. Agency v Roberts* (94 AD2d 532, 537 [1983], *affd* 63 NY2d 810 [1984]), to determine whether a project falls within its provisions. In order for the statute to apply, "(1) the public agency must be a party to a contract involving the employment of laborers, work[ers], or mechanics, and (2) the contract must concern a public works project" (*id.*; *see Matter of Bridgestone/Firestone, Inc. v Hartnett*, 175 AD2d 495, 496-497 [1991]; *Matter of National R.R. Passenger Corp. v Hartnett*, 169 AD2d 127, 130 [1991]).

The statute was amended in 2007 (*see* L 2007, ch 678, §§ 1, 2) in response to the decision in *Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor* (223 AD2d 285 [1996]), wherein this Court held that the first requirement of the *Erie County* test was not satisfied. In that case, DOT issued two work permits to a private developer for the construction of an access ramp leading from a state highway to a shopping mall (*id.* at 286). The developer contracted with a private contractor to perform the actual work. Because DOT was not a party to the underlying contract and the work permits did not constitute contracts for the construction of the project, this Court held that Labor Law § 220 was inapplicable (*id.* at 288).

In an effort to close what was perceived as a loophole created by the *Pyramid* decision (*see* Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 678, at 27-28), the Legislature amended the statute to apply not only to contracts in which the public entity was a direct party, but also to "any contract for public work entered into by a third party acting in place of, on behalf of and for the benefit of such public entity pursuant to any lease, permit or other agreement between such third party and the public entity" (Labor Law § 220 [2]; L 2007, ch 678, § 5). Thus, while the statutory amendment modified the first requirement of the *Erie County* test, *Erie County* remains the appropriate analysis for determining if a project is subject to the prevailing wage provisions of Labor Law article 8.

Employing this analysis, we find that Labor Law § 220 is inapplicable to the projects undertaken by petitioners in the case at hand. Simply stated, the charter agreements under which the charter schools operate do not constitute contracts between a public entity and another party, or by a third party

for the benefit of a public entity, which involve the employment of laborers, workers or mechanics on a public works project, as is required under the first prong of the *Erie County* test.

As is evident from the provisions of the New York Charter Schools Act of 1998 (*see* Education Law art 56), charter schools have unique characteristics that distinguish them from the public entities enumerated in the prevailing wage law (*see* Labor Law § 220 [2]). A charter school is established by a group of private individuals, consisting of "teachers, parents, school administrators, community residents or any combination thereof" (Education Law § 2851 [1]), who submit an application to a charter entity, which may be the board of education of certain school districts, the board of trustees of the State University of New York or the board of regents (*see* Education Law § 2851 [3]). When the application is approved by the charter entity, the applicant and the charter entity enter into a written agreement, known as a charter, "allowing the applicant[ ] to organize and operate a charter school" (Education Law § 2852 [5]). The charter agreement contains many provisions (*see* Education Law § 2852 [5]), most of which pertain to administrative matters such as admissions, hiring, discipline, educational programming and other issues involved in the day-to-day operation of the charter school (*see* Education Law § 2851 [2]). Upon issuance of the charter, the charter school is incorporated as an educational corporation (*see* Education Law § 2853 [1]).

Significantly, Labor Law § 220 (2) limits its application to those contracts or third-party contracts to which "the state or a public benefit corporation or a municipal corporation or a commission appointed pursuant to law is a party" or a beneficiary. By its terms, it does not specifically apply to educational corporations such as charter schools. Moreover, the very fact that charter schools originate from applications submitted by private individuals, who in many instances continue to be involved in the operation of the charter school after it is approved, illustrates that they are much different from the four public entities expressly referenced in the Labor Law. Accordingly, we do not find that charter schools are public entities as required under the first prong of the *Erie County* test.

Likewise, we do not find that the charter agreements are contracts involving the employment of laborers, workers or mechanics, as is also required under the first prong of the *Erie County* test. As noted above, most of the provisions of the charter agreements address administrative matters involving the operation of the charter school (*see* Education Law § 2851 [2]; § 2852 [5]). Although the law requires that the charter

agreement also contain "[i]nformation regarding the facilities to be used by the school, including the location of the school, if known, and the means by which pupils will be transported to and from the school" (Education Law § 2851 [2] [j]), this does not transform it into a contract for the construction, renovation or repair of a public works project. Notably, a charter school "may be located in part of an existing public school building, in space provided on a private work site, in a public building or in any other suitable location" and the space may be owned, leased or rented by the charter school (Education Law § 2853 [3] [a]). In view of this, the facilities that charter schools occupy need not necessarily be under construction, renovation or repair such as to entail the employment of laborers, workers or mechanics. As is evident from a review of all of the provisions that must be included in the charter agreement (*see* Education Law § 2851 [2]; § 2852 [5]), the facilities provision is tangential to its overall purpose. Thus, like the work permits at issue in the *Pyramid* decision, we do not find that the charter agreement is a contract for the construction, renovation or repair of a public works project. Therefore, the prevailing wage provisions of Labor Law article 8 are inapplicable to the projects undertaken by petitioners in the case at hand.

Our conclusion is consistent with the legislative history of the 2007 amendment to Labor Law § 220 (2) in which there is no indication of an intent to extend the prevailing wage law to projects undertaken either by educational corporations or charter schools (*see* Bill Jacket, L 2007, ch 678). In fact, it appears that there have been bills introduced to accomplish this very purpose, but that none has been enacted into law (*see* 2007 NY Assembly Bills A2125, A2716; 2007 NY Senate Bill S5664). We decline to take measures that the Legislature has expressed an unwillingness to do on its own.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgments are reversed, on the law, without costs, petitions granted and it is declared that petitioners are not subject to the prevailing wage laws of Labor Law article 8.