In the Matter of CHRISTA CONSTRUCTION, LLC, Respondent, v M. PATRICIA SMITH, as Commissioner of Labor, Appellant. [880 NYS2d 786]—

Spain, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered April 1, 2008 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent from determining whether the prevailing wage law applies to petitioner's construction project.

Pursuant to a contract with United Development Corporation, petitioner was in the process of constructing a student housing project near Niagara County Community College in the Town of Cambria, Niagara County when the Department of Labor (hereinafter DOL) commenced an investigation as to whether the project was subject to the prevailing wage law (see Labor Law § 220). In response to inquiries from one of the developers involved in the project, DOL issued an attorney's letter opining that the prevailing wage law did apply. Thereafter, without requesting a hearing and final determination regarding the applicability of the prevailing wage law from respondent, petitioner commenced this CPLR article 78 proceeding seeking, among other things, to prohibit respondent from imposing or seeking to impose the prevailing wage law. Supreme Court granted petitioner's application and enjoined respondent from asserting jurisdiction for purposes of imposing the prevailing wage law, and respondent appeals.

We must reverse and dismiss the proceeding due to petitioner's failure to exhaust available administrative remedies before challenging respondent's actions in court (see Indemini v Beth Israel Med. Ctr., 4 NY3d 63, 66-67 [2005]). In a case that we find factually indistinguishable in any meaningful way, we previously held that questions regarding the applicability of Labor Law § 220 "cannot be answered without the development of a factual record and an examination of all the circumstances of the project, tasks which the Legislature has assigned, in the first instance, to respondent" (Matter of Pyramid Co. of

*Onondaga v Hudacs*, 193 AD2d 924, 925 [1993]). Here, as in *Pyramid*, DOL has not issued a final determination; it did not complete an investigation of petitioner's claim or hold a hearing on the matter as required by statute (*see* Labor Law § 220 [8]). "Absent exceptional circumstances, it is only after such a hearing is held, and a final determination made, that an aggrieved party may bring a CPLR article 78 proceeding to challenge the legality of the determination" (*Matter of Pyramid Co. of Onondaga v Hudacs*, 193 AD2d at 925; *see* Labor Law § 220 [8]; *cf. Matter of New York Charter School Assn. v Smith*, 61 AD3d 1091 [2009] [reaching merits of prevailing wage issue where no challenge premised on the petitioner's failure to exhaust administrative remedies was made]).

Likewise we previously have decided that none of the established exceptions to the exhaustion rule exist under circumstances such as those presented here (*see Matter of Pyramid Co. of Onondaga v Hudacs*, 193 AD2d at 925-926). We specifically reject petitioner's argument that an exception applies because DOL is acting "wholly beyond its grant of power" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). Although petitioner successfully argued before Supreme Court that it was entitled to the extraordinary relief of prohibition, available only where "a 'body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction'" (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 361 [2008], quoting CPLR 7803 [2]), Supreme Court erroneously focused on its own conclusion that the project at issue was not subject to the prevailing wage law, as opposed to DOL's broad jurisdiction to determine prevailing wages on public works projects in the first instance (*see* Labor Law § 220 [3] [c]; [3-a] [c]; [5] [e]).* Thus, the remedy of prohibition was not warranted and respondent's "threats" to proceed under her statutorily defined powers did not constitute an exception to the exhaustion of remedies requirement (*see Matter of Pyramid Co. of Onondaga v Hudacs*, 193 AD2d at 926; *see also* CPLR 7803 [2]; *Matter of Cortland Glass Co. v Angello*, 300 AD2d 891, 892 [2002]). Nor has petitioner demonstrated any irreparable harm that would distinguish this dispute from any other prevailing wage law case so as to warrant exceptional relief here.

Peters, J.P., Rose, Kane and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and pe-

---

* It is undisputed that a 2007 amendment to Labor Law § 220, enacted subsequent to the contract in question (*see* Labor Law § 220, as amended by L 2007, ch 678), does not apply to this matter.

tition dismissed. [*See* 19 Misc 3d 1110(A), 2008 NY Slip Op 50636(U).]

