# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1291**
**CA 12-00478**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF HOPEWELL VOLUNTEER FIRE
DEPARTMENT, INC. AND CHRISANNTHA CONSTRUCTION
CORP., PETITIONERS-RESPONDENTS,

                    V                                MEMORANDUM AND ORDER

COLLEEN C. GARDNER, IN HER OFFICIAL CAPACITY AS
NEW YORK STATE COMMISSIONER OF LABOR,
RESPONDENT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF
COUNSEL), FOR RESPONDENT-APPELLANT.

SCICCHITANO & PINSKY, PLLC, SYRACUSE (BRADLEY M. PINSKY OF COUNSEL),
FOR PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered May 26, 2011 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of petitioners for summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, respondent is granted summary judgment and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, determinations that the prevailing wage provisions of Labor Law § 220 were not applicable to the construction of an addition to a firehouse by petitioner Hopewell Volunteer Fire Department, Inc. and that respondent was prohibited from implementing or enforcing section 220 against petitioners. We conclude that Supreme Court erred in granting petitioners' motion for summary judgment on the petition and, indeed, we conclude that the court should have granted summary judgment in favor of respondent pursuant to CPLR 3212 (b) and dismissed the petition. "Those who wish to challenge agency determinations under [CPLR] article 78 may not do so until they have exhausted their administrative remedies" (*Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 195). "[Q]uestions regarding the applicability of Labor Law § 220 'cannot be answered without the development of a factual record and an examination of all the circumstances of the project, tasks which the Legislature has assigned, in the first instance, to respondent' " (*Matter of Christa Constr., LLC v Smith*, 63 AD3d 1331, 1331; *see* § 220 [8]). Here, "no final agency determination has been reached; in

fact, no such determination can be made until a fact-finding hearing has been held.  Absent exceptional circumstances, it is only after such a hearing is held, and a final determination made, that an aggrieved party may bring a CPLR article 78 proceeding to challenge the legality of the determination" (*Matter of Pyramid Co. of Onondaga v Hudacs*, 193 AD2d 924, 925).  We reject petitioners' contention that the exhaustion of administrative remedies is not necessary because the Department of Labor (DOL) was acting "wholly beyond its grant of power" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57).  Here, as in *Christa*, the court "erroneously focused on its own conclusion that the project at issue was not subject to the prevailing wage law, as opposed to DOL's broad jurisdiction to determine prevailing wages on public works projects in the first instance" (*id.* at 1332; *see generally Pyramid Co. of Onondaga*, 193 AD2d at 925-926).  In light of our determination, we do not consider respondent's remaining contention.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court