■ GRIFFISS LOCAL DEVELOPMENT CORPORATION et al., Appellants, v COLLEEN C. GARDNER, Commissioner, New York State Department of Labor, et al., Respondents. [960 NYS2d 284]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered September 12, 2011. The order granted the motion of defendants to dismiss the complaint for failure to exhaust administrative remedies.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a declaration that they were not subject to the prevailing wage provisions of Labor Law § 220 because, inter alia, their project was not a "public work" and thus any attempts by defendants to enforce such provisions against them were "invalid, null and

void." We reject plaintiffs' contention that Supreme Court erred in granting defendants' motion to dismiss the complaint based on its determination that plaintiffs failed to exhaust their administrative remedies. It is well settled "that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). As plaintiffs correctly note, "[t]he exhaustion rule . . . is subject to important qualifications[ and] need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power" (*id.*). Nevertheless, " '[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established. Moreover, merely asserting a constitutional violation will not excuse a litigant from first pursuing administrative remedies that can provide the requested relief' " (*Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038 [2012], quoting *Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]). We conclude that in this case there are "questions regarding the applicability of Labor Law § 220 [that] cannot be answered without the development of a factual record and an examination of all the circumstances of the project" (*Matter of Christa Constr., LLC v Smith*, 63 AD3d 1331, 1331 [2009] [internal quotation marks omitted]; *see Matter of Pyramid Co. of Onondaga v Hudacs*, 193 AD2d 924, 925 [1993]). The court therefore properly granted defendants' motion to dismiss the complaint due to plaintiffs' failure to exhaust their administrative remedies. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Valentino, JJ.