# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1486**

**CA 12-01148**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

GRIFFISS LOCAL DEVELOPMENT CORPORATION,
CARDINAL GRIFFISS REALTY, LLC, AND CHARLES
GAETANO CONSTRUCTION CORP.,
PLAINTIFFS-APPELLANTS,

V                                                   MEMORANDUM AND ORDER

COLLEEN C. GARDNER, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF LABOR, AND NEW YORK STATE
DEPARTMENT OF LABOR, BUREAU OF PUBLIC WORKS,
DEFENDANTS-RESPONDENTS.

---

SAUNDERS, KAHLER, L.L.P., UTICA (JAMES S. RIZZO OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

J. WADE BELTRAMO, ALBANY, FOR NEW YORK STATE CONFERENCE OF MAYORS AND
MUNICIPAL OFFICIALS, AMICUS CURIAE.

---

Appeal from an order of the Supreme Court, Oneida County (Anthony
F. Shaheen, J.), entered September 12, 2011.  The order granted the
motion of defendants to dismiss the complaint for failure to exhaust
administrative remedies.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking a
declaration that they were not subject to the prevailing wage
provisions of Labor Law § 220 because, inter alia, their project was
not a "public work" and thus any attempts by defendants to enforce
such provisions against them were "invalid, null and void."  We reject
plaintiffs' contention that Supreme Court erred in granting
defendants' motion to dismiss the complaint based on its determination
that plaintiffs failed to exhaust their administrative remedies.  It
is well settled "that one who objects to the act of an administrative
agency must exhaust available administrative remedies before being
permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo
Sewer Auth.*, 46 NY2d 52, 57).  As plaintiffs correctly note, "[t]he
exhaustion rule . . . is subject to important qualifications[ and]
need not be followed, for example, when an agency's action is
challenged as either unconstitutional or wholly beyond its grant of

power" (*id*.).  Nevertheless, " '[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established.  Moreover, merely asserting a constitutional violation will not excuse a litigant from first pursuing administrative remedies that can provide the requested relief' " (*Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038, quoting *Matter of Schulz v State of New York*, 86 NY2d 225, 232, *cert denied* 516 US 944).  We conclude that in this case there are "questions regarding the applicability of Labor Law § 220 [that] cannot be answered without the development of a factual record and an examination of all the circumstances of the project" (*Matter of Christa Constr., LLC v Smith*, 63 AD3d 1331, 1331 [internal quotation marks omitted]; *see Matter of Pyramid Co. of Onondaga v Hudacs*, 193 AD2d 924, 925).  The court therefore properly granted defendants' motion to dismiss the complaint due to plaintiffs' failure to exhaust their administrative remedies.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court