Matter of Boyle v NYS Dept. of Motor Vehs. (2021 NY Slip Op 07045)





Matter of Boyle v NYS Dept. of Motor Vehs.


2021 NY Slip Op 07045


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

532440
[*1]In the Matter of John Boyle, Appellant,
v
NYS Department of Motor Vehicles, Respondent.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Law Offices of Zev Goldstein, PLLC, New City (Zev Goldstein of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.



Colangelo, J.
Appeals (1) from a judgment of the Supreme Court (Cholakis, J.), entered November 6, 2020 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition, and (2) from an order of said court, entered December 9, 2020 in Albany County, which denied petitioner's motion for reconsideration.
Petitioner has thrice been convicted of alcohol-related driving offenses and, as a result, his license to drive in this state has been revoked. Petitioner obtained a sealing order from the court that handled his earliest conviction, thereby sealing his 1999 conviction for the unclassified misdemeanors of aggravated unlicensed operation of a motor vehicle (see Vehicle and Traffic Law § 511 [1] [a]) and driving while intoxicated (hereinafter DWI) (see Vehicle and Traffic Law § 1192 [2]),[FN1] which order was thereafter amended to include petitioner's motorist client identification number.
In May 2020, petitioner's counsel, in an effort to have the sealed conviction removed from his client's driving record, sent an email to the office of respondent's counsel asking that respondent immediately comply with the sealing order and the amended provisions of the Criminal Procedure Law and Executive Law by removing the sealed conviction from petitioner's driving record and cease using the conviction as a basis for denying petitioner's application for a driver's license. In the email, petitioner's counsel explained that respondent's form UT-20, which is used to alert respondent of a need to modify or delete criminal records on a motorist's driving history, does not include an option for filing a sealing order, and there is no other form available by which such order can be submitted. Petitioner's counsel further asserted that a failure to respond to his email would be considered by him to be a denial of his request for purposes of CPLR article 78. In response, counsel received an email from an unidentified individual in the office of respondent's counsel, advising that "sealing orders do not impact [respondent's] administrative records of a motorist's driving history . . . and this DWI conviction will be a part of [petitioner]'s driving history for purposes of assessing relicensure."[FN2]
On August 7, 2020, following the email response, petitioner commenced this CPLR article 78 proceeding seeking an order prohibiting respondent from considering the sealed DWI conviction in further driving license applications he might file, asserting that respondent engaged in unlawful discrimination under Executive Law § 296 by refusing to remove the sealed conviction from his driving history. Respondent moved to dismiss the petition as premature and for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court granted respondent's motion and dismissed the petition as premature. Petitioner thereafter moved for "reconsideration and clarification" of the dismissal order. Supreme Court denied said motion. Petitioner [*2]appeals and we affirm.
"A party challenging a 'determination of [the Commissioner of Motor Vehicles] or a member of [respondent]' must exhaust all administrative remedies before commencing a CPLR article 78 proceeding" (Matter of Mayeri v Commissioner of N.Y. State Dept. of Motor Vehs., 192 AD3d 1223, 1225 [2021], lv denied 37 NY3d 908 [2021], quoting Vehicle and Traffic Law § 263). As the statute of limitations for a proceeding of this nature makes clear, "[a] petitioner who seeks [CPLR] article 78 review of a determination must commence the proceeding 'within four months after the determination to be reviewed becomes final and binding upon the petitioner'" (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007], quoting CPLR 217 [1]). "An administrative determination becomes 'final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies. First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party" (Walton v New York State Dept. of Correctional Servs., 8 NY3d at 194 [internal quotation marks and citations omitted]; see Matter of Jimenez v New York State Dept. of Taxation and Fin., 143 AD3d 1221, 1223-1224 [2016], lv denied 28 NY3d 914 [2017]). We recognize that a pragmatic approach must be taken in deciding when a petitioner's administrative remedies are exhausted and, "when it is plain that resort to an administrative remedy would be futile, an article 78 proceeding should be held ripe, and the statute of limitations will begin to run. But hindsight cannot be used to determine whether administrative steps would be futile" (Walton v New York State Dept. of Correctional Servs., 8 NY3d at 196 [internal quotation marks and citation omitted]).
We reject petitioner's contention that the unidentified employee's response to his counsel's email was "a legal decision on behalf of [respondent]" and that "[t]here is no appeals process within [respondent] to challenge [the] decision by [respondent's] attorney." The email response was not a judicially reviewable final determination. As petitioner acknowledged, "[he] could apply for a license, be denied, appeal, and have the appeal denied." Had he pursued that course, the administrative denial may well have been a sufficient predicate to commencement of the instant proceeding. Instead, petitioner sought judicial review and annulment of the email response, which falls squarely outside of what has been judicially determined to be a final and binding administrative determination (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34 [2005]; Matter of Joint Queensview Hous. Enter. v Grayson, 179 AD2d 434, 436 [1992]). Fatal to petitioner's claim is his failure [*3]to establish that the email response inflicted actual, concrete injury upon him, particularly since he had not yet applied to regain his driving privileges with the sealing order attached. Nothing in the record indicates that petitioner was prevented from doing so and then seeking an administrative appeal (see 15 NYCRR 136.8). In this case, there was no agency determination and, in fact, "no such decision can be made until a fact-finding has been held" (Matter of Pyramid Co. of Onondaga v Hudacs, 193 AD2d 924, 925 [1993]; see Matter of Christa Constr., LLC v Smith, 63 AD3d 1331, 1332 [2009]). Further, the position taken by an agency employee cannot be ascribed to respondent, "who is charged with making an independent, judicially reviewable determination on the basis of evidence adduced at a hearing" (Matter of Pyramid Co. of Onondaga v Hudacs, 193 AD2d at 925). Inasmuch as the email response does not constitute a final and binding determination (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34; Matter of Krakauer v New York State Educ. Dept., 174 AD3d 1090, 1091 [2019]), the petition was properly dismissed.
As to petitioner's appeal from Supreme Court's order denying his motion for "reconsideration and clarification," that part of the motion seeking reconsideration is actually a motion to reargue and the denial of such motion is not appealable (see Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 975 [2016], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]). Further, no appeal lies from the denial of a motion to clarify a substantive portion of an order (see Matter of Torpey v Town of Colonie, N.Y., 107 AD3d 1124, 1126 [2013]). As such, said appeal is dismissed.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
ORDERED that the appeal from the order is dismissed, without costs.



Footnotes

Footnote 1: In October 2017, the Criminal Procedure Law was amended to permit defendants to move to seal certain convictions when 10 years have passed since a defendant's last sentence or release from incarceration, which made petitioner eligible to so move (see CPL 160.59). At the same time, the Executive Law was amended to prohibit most government agencies, including respondent, from discriminating based on a sealed conviction (see Executive Law § 296 [16]).

Footnote 2: Although not part of the record on appeal, petitioner's counsel revealed during oral argument that petitioner has since, unsuccessfully, applied for relicensing, which he has administratively appealed.