# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**563**

**CA 10-02269**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

ELLICOTT GROUP, LLC, PLAINTIFF-RESPONDENT,

V                                                    OPINION AND ORDER

STATE OF NEW YORK EXECUTIVE DEPARTMENT OFFICE
OF GENERAL SERVICES, DEFENDANT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

HARTER SECREST & EMERY LLP, BUFFALO (KENNETH W. AFRICANO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (John M. Curran, J.), entered January 19, 2010 in a
declaratory judgment action. The judgment granted the motion of
plaintiff for summary judgment declaring that the prevailing wage
clause that defendant sought to be included in a proposed lease is not
authorized by the Labor Law and that defendant violated the separation
of powers doctrine by insisting on the inclusion of that clause and
permanently enjoined defendant from mandating that the clause be
included in the lease.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Opinion by CENTRA, J.: At issue in this appeal is whether
defendant, State of New York Executive Department Office of General
Services (OGS), had the authority to include a provision in a lease
agreement requiring plaintiff to pay prevailing wages to certain
workers regardless of whether the statutory requirements of the
prevailing wage law applied. We conclude that OGS did not have that
authority because the exercise of its executive power unlawfully
impinged upon a legislative function, and we thus conclude that the
judgment should be affirmed.

### *Prevailing Wage Law*

"Our State Constitution provides that laborers, workers and
mechanics engaged in 'any public work' cannot 'be paid less than the
rate of wages prevailing in the same trade or occupation in the
locality within the state where such public work is to be situated,
erected or used' " (*Matter of New York Charter School Assn. v Smith*,
15 NY3d 403, 407-408, quoting NY Const, art I, § 17). Articles 8 and

9 of the Labor Law implement this constitutional mandate.  Labor Law §
220 (2) provides in relevant part that "[e]ach contract to which the
state or a public [entity] . . . is a party, and any contract for
public work entered into by a third party acting in place of, on
behalf of and for the benefit of such public entity pursuant to any
lease, permit or other agreement between such third party and the
public entity, and which may involve the employment of laborers,
workers or mechanics shall contain a stipulation that no laborer,
worker or mechanic . . . shall be permitted or required to work more
than eight hours in any one calendar day or more than five days in any
one week."  Subdivision (3) (a) provides that the wages to be paid to
a laborer, worker or mechanic "upon such public works" shall not be
less than the prevailing rate of wages.

Thus, "[i]n general, Labor Law § 220 requires that certain
contracts involving the employment of laborers, workers or mechanics
on a public work project provide for the payment of the prevailing
wage rate" (*New York Charter School Assn.*, 61 AD3d 1091, 1093, *affd* 15
NY3d 403).  In order for the prevailing wage law to apply, two
conditions must be met:  "(1) the public agency must be a party to a
contract involving the employment of laborers, work[ers], or
mechanics, and (2) the contract must concern a public works project"
(*Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532, 537,
*affd for the reasons stated* 63 NY2d 810; *see New York Charter School
Assn.*, 15 NY3d at 408).

Labor Law article 9 sets forth the prevailing wage requirement
for building service employees for building service work (*see* § 230
[1]; § 231 [1]).  Building service work is defined as work performed
by a building service employee (*see* § 230 [2]), and a building service
employee is defined as "any person performing work in connection with
the care or maintenance of an existing building . . . for a contractor
under a contract with a public agency . . .[,] the principal purpose
of which is to furnish services through the use of building service
employees" (§ 230 [1]).  The definition of building service employees
encompasses such occupations as building cleaners, groundskeepers,
window cleaners, and garbage collectors (*id.*).  We have held that the
prevailing wage requirement of Labor Law article 9 applies to private
buildings "as long as the work is being done pursuant to a public work
contract" (*Feher Rubbish Removal, Inc. v New York State Dept. of
Labor, Bur. of Pub. Works*, 28 AD3d 1, 5-6, *lv denied* 6 NY3d 711).

### Facts and Procedural History

OGS, which enters into leases with private landlords for building
and office space for various state agencies, learned that the New York
State Department of Labor (DOL) was investigating certain leasing
projects of state agencies to determine whether prevailing wages were
being paid on those projects.  OGS attempted to resolve the ambiguity
with the DOL, but "questions persisted because many of the cases
addressing the issue of whether prevailing wages must be paid on
projects that potentially involve 'public work' are very fact
specific."  To be consistent and to remedy any uncertainty, OGS
adopted a policy whereby all of its standard lease agreements would

include a prevailing wage law clause.  In other words, when soliciting bids from prospective landlords, OGS required that they agree to a clause in the proposed lease agreement that required them to pay the prevailing wage "in instances where the work is being done to benefit the State and public funds are being expended."  OGS admitted that the clause would require the payment of prevailing wages "even where such work might not meet the technical definition of 'public work.' "

Plaintiff is a private entity that owns approximately 11 office buildings in downtown Buffalo and regularly submits bids for lease agreements with OGS.  OGS issued a Request for Information to prospective landlords for the lease of, inter alia, approximately 23,000 square feet of space to the New York State Workers' Compensation Board (WCB).  OGS notified plaintiff and other prospective landlords that the WCB lease would include a prevailing wage clause requiring the landlord to pay the prevailing wage for work such as alteration and construction performed on behalf of the public entity, and for work performed by service employees such as janitors on behalf of the public entity.  Specifically, the prevailing wage clause provided:

> "In relation to all work performed by laborers, workmen, or mechanics involving alteration, renovation, reconstruction, repair, rehabilitation, construction, or demolition performed on behalf of a public agency (entity) under this Lease/License Agreement, or in relation to all building service work as defined in Article 9 of the New York State Labor Law, performed on behalf of a public agency (entity) under this Lease/License Agreement, the Landlord/Licensor shall abide by the provisions of Articles 8 and/or 9 of the New York State Labor Law.  The Landlord/Licensor agrees that the wages to be paid to any building service employee (including, but not limited, to watchmen, guards, doormen, building cleaners, porters, janitors, gardeners, groundskeepers, stationary firemen, elevator operators and starters, window cleaners and occupations relating to the collection of garbage or refuse and to the transportation of office furniture and equipment, and the transportation and delivery of fossil fuel), or to any worker, laborer, or mechanic, shall not be less than the prevailing wage for the locality in which the work is to be performed.  The Landlord/Licensor shall contact the New York State Department of Labor to obtain the appropriate prevailing wage schedule, upon execution of the herein Lease/License Agreement."

Plaintiff submitted its bid and agreed, under protest, to the inclusion of the prevailing wage clause.  OGS notified plaintiff that it was awarded the WCB lease.

Plaintiff commenced this declaratory judgment action seeking a declaration that OGS lacked statutory authority to mandate that the prevailing wage be paid for work on privately owned property leased by OGS for the WCB.  Plaintiff also sought a permanent injunction restraining OGS from imposing the prevailing wage requirement in the WCB lease.  Plaintiff asserted that the lease agreement did not involve public work, and that the prevailing wage requirement in the Labor Law therefore did not apply.  Plaintiff further asserted that OGS exceeded its authority and violated the separation of powers doctrine by mandating that the prevailing wage clause be included in the lease.

In its answer, OGS asserted that it acted in accordance with its statutory authority under the Public Buildings Law when it included the prevailing wage clause in the lease.  OGS further asserted that, in doing so, it did not violate the separation of powers doctrine.

Plaintiff moved for summary judgment seeking various forms of relief.  In granting the motion, Supreme Court declared that the prevailing wage clause in the proposed WCB lease agreement was not statutorily authorized by articles 8 or 9 of the Labor Law, and further declared that OGS violated the separation of powers doctrine by insisting on the inclusion of the prevailing wage clause.  The court also permanently enjoined OGS from mandating that the clause be included in the WCB lease.  As previously noted, we conclude that the judgment should be affirmed.

### *Analysis*

In order for articles 8 and 9 of the Labor Law to apply here, there must be a public works contract (*see Erie County Indus. Dev. Agency*, 94 AD2d at 537, *affd for the reasons stated* 63 NY2d 810; *Feher Rubbish Removal, Inc.*, 28 AD3d at 5-6).  In moving for summary judgment, plaintiff met its initial burden of establishing that the lease agreement did not involve public work (*see Matter of 60 Mkt. St. Assoc. v Hartnett*, 153 AD2d 205, 207, *affd* 76 NY2d 993), and thus established that OGS was not authorized under articles 8 and 9 of the Labor Law to include the prevailing wage provision in the WCB lease. OGS does not contend that the lease agreement involves a public works project.  Rather, it contends that, regardless of whether the lease agreement would be subject to articles 8 and 9 of the Labor Law, OGS is authorized by Public Buildings Law § 3 (12) to require plaintiff to pay prevailing wages.  That statute authorizes the Commissioner of OGS to lease buildings and office space for state agencies "upon such terms and conditions as he or she deems most advantageous to the state" (*id.*).  OGS contends that the prevailing wage clause "is simply a contractual term that OGS seeks to include in plaintiff's lease because doing so is in the public interest and thus within its contracting authority under Public Buildings Law § 3 (12)."  We agree with plaintiff, however, that OGS may not include the prevailing wage clause in the WCB lease because OGS is thereby violating the separation of powers doctrine.

The legislative, executive, and judicial branches constitute the structure of our representative system of government (*see* NY Const, art III, § 1; art IV, § 1; art VI, § 1).  The " 'separate grants of power to each of the coordinate branches of government' imply that each branch is to exercise power within a given sphere of authority" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 821, *cert denied* 540 US 1017).  "Respect for this structure and the system of checks and balances inherent therein requires that none of these branches be allowed to usurp powers residing entirely in another branch" (*Subcontractors Trade Assn. v Koch*, 62 NY2d 422, 427).

OGS, as an administrative body, usurped the role of the legislative body by adopting a policy mandating the inclusion of the prevailing wage clause in all leases.  In *Under 21*, *Catholic Home Bur. for Dependent Children v City of New York* (65 NY2d 344, 353), the Court of Appeals held that the Mayor of the City of New York violated the separation of powers doctrine by promulgating an executive order prohibiting employment discrimination by city contractors on the basis of " 'sexual orientation or affectional preference.' "  The Court held that the executive was thereby impermissibly usurping the legislative function by enacting social policies not adopted by the Legislature and that the Mayor's attempt "to broaden the class of persons protected from discrimination by private employers, . . . however commendable, is an enactment of policy which the City Charter leaves to the City Council" (*id.* at 359).  In addition, in *Boreali v Axelrod* (71 NY2d 1, 6), the Court of Appeals held that the Public Health Council, an administrative body, usurped the role of the Legislature by promulgating a comprehensive code to govern tobacco smoking in areas that were open to the public.  The Legislature had been unable "to reach an acceptable balance" with respect to the policy on the problem of second-hand smoke, and thus the administrative agency made its own policy decision and enacted regulations (*id.*).  The Court held that the administrative agency violated the separation of powers doctrine "when it used the [broad enabling] statute as a basis for drafting a code embodying its own assessment of what public policy ought to be" (*id.* at 9).

Likewise in this case, OGS usurped the role of the Legislature in making its policy decision that prevailing wages should be paid even for work that was not public work.  It is for the Legislature, not OGS, to define the parameters of when prevailing wages should be paid.  "[T]he separation of powers 'requires that the Legislature make the critical policy decisions, while the executive branch's responsibility is to implement those policies' " (*Saratoga County Chamber of Commerce*, 100 NY2d at 821-822, quoting *Bourquin v Cuomo*, 85 NY2d 781, 784).  Indeed, the Legislature made a substantive amendment to Labor Law § 220 (2) in 2007 (*see* L 2007, ch 678, § 1).  In addition, the Legislature passed an amendment to article 9 of the Labor Law in 2010 (*see* 2010 NY Senate Bill 8379-A), although it was vetoed by the Governor.  Clearly, this is an area of the law that continues to evolve, and it is the role of the Legislature to make any such changes, not the role of an administrative agency.

## *Conclusion*

Accordingly, we conclude that the judgment should be affirmed.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court