# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**264**
**CA 13-01385**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF SHERIDAN PARK, INC. AND
AMIGONE FUNERAL HOME, INC.,
PETITIONERS-APPELLANTS,

V                                                     MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF CEMETERIES, NEW
YORK STATE DEPARTMENT OF STATE DIVISION OF
CEMETERIES, NEW YORK STATE CEMETERY BOARD,
NEW YORK STATE DEPARTMENT OF STATE, RICHARD
D. FISHMAN, DIRECTOR OF NEW YORK STATE DIVISION
OF CEMETERIES, NEW YORK STATE DEPARTMENT OF
STATE DIVISION OF CEMETERIES, CESAR A. PERALES,
NEW YORK STATE SECRETARY OF STATE AND MEMBER OF
NEW YORK STATE CEMETERY BOARD, NEW YORK STATE
DEPARTMENT OF STATE, ERIC T. SCHNEIDERMAN, AS
NEW YORK STATE ATTORNEY GENERAL AND A MEMBER OF
NEW YORK STATE CEMETERY BOARD, AND NIRAV R.
SHAH, M.D., M.P.H., AS NEW YORK STATE
COMMISSIONER OF HEALTH AND A MEMBER OF NEW YORK
STATE CEMETERY BOARD, RESPONDENTS-RESPONDENTS.

---

THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (John A. Michalek, J.), entered April 23,
2013 in a CPLR article 78 proceeding. The judgment denied the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, petitioners
appeal from a judgment denying their petition challenging the
determination of respondent New York State Cemetery Board (Cemetery
Board) that their exemption under a "grandfather clause" of the Anti-
Combination Law (L 1998, ch 560, § 14), which permitted them to
jointly operate an existing crematory, did not include the right to
relocate and construct a new crematory at a different location. In
1998, the legislature enacted the Anti-Combination Law, which, among

other things, prohibited funeral entities and cemetery corporations from sharing real property interests, marketing, management, operation or control, or other business operations (*see e.g.* N-PCL 1506-a, Cemetery corporations; restrictions). The act was in response to concerns about consumer pricing and unfair competition as a result of for-profit funeral entities operating in concert with not-for-profit cemetery corporations, including the operation of crematory facilities. However, recognizing the substantial investment that had already been made in crematory facilities by these joint operations, the legislature included a "grandfather clause," which provides that the act "shall not apply to the operation of any crematory or crematorium, or act of cremation performed by a funeral entity after the effective date of this act, if the funeral entity: a. operated such crematory or crematorium, or performed cremations prior to January 1, 1998; or b. filed an application with the cemetery board for the operation of a crematory or crematorium prior to January 1, 1998" (L 1998, ch 560, § 14). Petitioners operated a crematory and performed cremations prior to January 1, 1998. Upon application by petitioner Sheridan Park, Inc., the Cemetery Board determined that petitioners' exemption under the "grandfather clause" applies only to the crematory that was being operated by petitioners at the time the Anti-Combination Law took effect and does not extend to a crematory at any new location. Supreme Court concluded that the language of the exemption supports the Cemetery Board's determination, and further concluded that the determination was not affected by an error of law and was not arbitrary and capricious (*see* CPLR 7803 [3]). We affirm.

Initially, we note that the facts of this case are undisputed. Inasmuch as this appeal involves only "a question of statutory interpretation, we turn first to the plain language of the statutes as the best evidence of legislative intent" (*Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568; *see Feher Rubbish Removal, Inc. v New York State Dept. of Labor, Bur. of Pub. Works*, 28 AD3d 1, 3-4, *lv denied* 6 NY3d 711). Given the nature of the issue before us, we agree with petitioners that there is no basis for us to rely on any special competence or expertise of the Cemetery Board, and that we need not accord any deference to its determination (*see Matter of Belmonte v Snashall*, 2 NY3d 560, 565-566).

We conclude that the Cemetery Board's interpretation of the statute, which comports with the statute's plain language, purpose and legislative history, and gives meaning to every phrase, is sound. We further conclude that the legislature's intent in including the "grandfather clause" was to prevent the forfeiture of existing crematory structures and facilities, the construction of which had involved substantial capital investment and development costs by funeral entities and cemetery corporations prior to the effective date of the Anti-Combination Law. We reject petitioners' contention that the legislature intended to exempt all existing "business arrangements" between funeral entities and cemetery corporations. The plain language of the exemption specifically applies only to the operation of a crematory or crematorium (*see* L 1998, ch 560, § 14 [a], [b]), and no other form of now-prohibited business relationship

existing between funeral entities and cemetery corporations was embraced by the exemption.

We have considered petitioners' remaining contentions and conclude that they are without merit.