[985 NE2d 911, 962 NYS2d 600]

In the Matter of M.G.M. Insulation, Inc., et al., Appellants, v Colleen C. Gardner, as Commissioner of Labor, Respondent.

Argued January 2, 2013; decided February 19, 2013

**POINTS OF COUNSEL**

*Gates & Adams, P.C.*, Rochester (*Anthony J. Adams, Jr.*, of counsel), for appellants. I. Prevailing wage requirements apply only to those entities specified in Labor Law § 220. (*Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532, 63 NY2d 810; *Brukhman v Giuliani*, 94 NY2d 387; *Varsity Tr. v Saporita*, 71 AD2d 643, 48 NY2d 767; *New York State Coalition for Criminal Justice v Coughlin*, 64 NY2d 660; *Matter of New York Charter School Assn. v Smith*, 15 NY3d 403; *Tri-City Elec. Co. v People*, 96 AD2d 146, 63 NY2d 969; *Bender v Jamaica Hosp.*, 40 NY2d 560; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669.) II. "Substantial evidence" is not the test of whether the Commissioner exceeded her statutory enforcement authority by extending it to "functional equivalents" of specified entities. (*Matter of Rosenbluth v Finkelstein*, 300 NY 402; *Matter of National Merchandising Corp. v Public Serv. Commn.*, 5 NY2d 485; *Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98; *Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532; *Matter of National R.R. Passenger Corp. v Hartnett*, 169 AD2d 127; *Matter of Stephens & Rankin v Hartnett*, 160 AD2d 1201; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *Cattaraugus Community Action v Hartnett*, 166 AD2d 891; *Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor*, 223 AD2d 285.) III. As a matter of law the Bath Volunteer Fire Department firehouse project was not a "public work." (*Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532, 63 NY2d 810; *Varsity Tr. v Saporita*, 71 AD2d 643; *Matter of National R.R. Passenger Corp. v Hartnett*, 169 AD2d 127; *Matter of Vulcan Affordable Hous. Corp. v Hart-

*nett,* 151 AD2d 84; *Cattaraugus Community Action v Hartnett,* 166 AD2d 891; *Matter of 60 Mkt. St. Assoc. v Hartnett,* 153 AD2d 205, 76 NY2d 993.)

*Eric T. Schneiderman, Attorney General,* Albany (*Zainab A. Chaudhry, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondent. I. The firehouse project satisfies the first prong of the *Matter of Erie County Indus. Dev. Agency v Roberts* (94 AD2d 532 [1983]) prevailing wage law test. (*Harland Enters. v Commander Oil Corp.,* 64 NY2d 708; *Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575; *Miller v Morania Oil of Long Is., O.C.P.,* 194 AD2d 770; *Helman v County of Warren,* 114 AD2d 573; *Matter of New York Charter School Assn. v Smith,* 15 NY3d 403; *Matter of New York Charter Schools Assn., Inc. v DiNapoli,* 13 NY3d 120; *Janusaitis v Middlebury Volunteer Fire Dept.,* 607 F2d 17; *Gibson v Hurleyville Fire Co. No. 1,* 1 F Supp 2d 329; *United States v Craft,* 535 US 274; *Matter of Oswald N.,* 87 NY2d 98.) II. The firehouse project is a public work and thus satisfies the second prong of the *Matter of Erie County Indus. Dev. Agency v Roberts* (94 AD2d 532 [1983]) test. (*Matter of 60 Mkt. St. Assoc. v Hartnett,* 153 AD2d 205, 76 NY2d 993; *Harland Enters. v Commander Oil Corp.,* 64 NY2d 708; *Matter of Long Is. Light. Co. v Industrial Commr. of N.Y. State,* 40 AD2d 1003, 34 NY2d 725; *Feher Rubbish Removal, Inc. v New York State Dept. of Labor, Bur. of Pub. Works,* 28 AD3d 1, 6 NY3d 711; *Matter of Sarkisian Bros. v Hartnett,* 172 AD2d 895, 78 NY2d 859; *Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor,* 223 AD2d 285.)

*Couch White, LLP,* Albany (*Joel M. Howard, III,* of counsel), for Associated General Contractors of New York State, LLC, amicus curiae. I. The new standard of review promulgated by the "functional equivalent" test departs from decades of legislative and judicial determinations. (*Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, 63 NY2d 810; *Matter of National R.R. Passenger Corp. v Hartnett,* 169 AD2d 127; *Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor,* 223 AD2d 285; *Matter of Stephens & Rankin v Hartnett,* 160 AD2d 1201; *Matter of New York Charter School Assn. v Smith,* 15 NY3d 403.) II. The uncertainty generated by the "functional equivalent" standard will have a detrimental impact on the construction industry statewide. (*Matter of Naftilos Painting & Sandblasting v Hartnett,* 173 AD2d 964; *Matter of Taj Airconditioning & Refrig. Co. v Goldin,* 158 AD2d 350; *Matter of*

*Chesterfield Assoc. v New York State Dept. of Labor*, 3 AD3d 491; *Matter of City Constr. Dev. v Hartnett*, 192 AD2d 651; *Matter of Sierra Telcom Servs. v Hartnett*, 174 AD2d 279.)

*Couch White, LLP*, Albany (*Joel M. Howard, III*, of counsel), for Empire State Chapter of the Associated Builders and Contractors, Inc., amicus curiae. I. The Department of Labor's "functional equivalent" test constitutes an impermissible administrative amendment to Labor Law § 220 (2). (*Matter of New York Charter School Assn. v Smith*, 15 NY3d 403; *Weiss v City of New York*, 95 NY2d 1; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801; *Boreali v Axelrod*, 71 NY2d 1; *Packer Coll. Inst. v University of State of N.Y.*, 298 NY 184; *Ellicott Group, LLC v State of N.Y. Exec. Dept. Off. of Gen. Servs.*, 85 AD3d 48; *Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor*, 223 AD2d 285.) II. The broad discretion assumed by the Department of Labor to determine "functional equivalents" is ripe for abuse and selective enforcement. (*Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395; *Matter of CNP Mech., Inc. v Angello*, 31 AD3d 925.)

*Hurwitz Law, P.C.*, Rochester (*Jayme Hurwitz* of counsel), for Firemen's Association of the State of New York, amicus curiae. I. The Department of Labor may not bring fire corporations within the reach of Labor Law § 220 when the legislature has declined to do so. (*Helman v County of Warren*, 114 AD2d 573; *Steitz v City of Beacon*, 295 NY 51; *Moch Co. v Rensselaer Water Co.*, 247 NY 160; *People v Tychanski*, 78 NY2d 909; *Pajak v Pajak*, 56 NY2d 394; *Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36; *Walker v Town of Hempstead*, 84 NY2d 360; *Matter of Roberts v Community School Bd. of Community Dist. No. 6*, 66 NY2d 652.) II. Standard service agreements made between a village and a volunteer fire corporation are not agreements "which may involve the employment of laborers, workers or mechanics" under Labor Law § 220. (*Matter of New York Charter School Assn. v Smith*, 15 NY3d 403.)

*McMahon, Kublick & Smith, P.C.*, Syracuse (*Jan S. Kublick* of counsel), for New York State Council of the National Electrical Contractors Association Chapters, amicus curiae. I. The functional equivalence test would not result in a high level of

uncertainty, and offers much needed guidance. II. A functional equivalency standard is needed in an increasingly complicated contracting environment. (*Matter of Griffiss Local Dev. Corp. v State of N.Y. Auth. Budget Off.*, 85 AD3d 1402, 17 NY3d 714; *Matter of New York Charter School Assn. v Smith*, 15 NY3d 403.) III. Empire State Chapter of Associated Builders and Contractors, Inc.'s and Associated General Contractors of New York State, LLC's claim that prevailing wage requirements significantly increase construction costs are unfounded. IV. Prevailing wages support local economic development. V. Empire State Chapter of Associated Builders and Contractors, Inc.'s and Associated General Contractors of New York State, LLC's claim that prevailing wage is discriminatory is not empirically supported and is not a reason to weaken prevailing wage. VI. Acceptance of prevailing wage extends well beyond labor unions.

### OPINION OF THE COURT

PIGOTT, J.

In this CPLR article 78 proceeding, we are asked to determine whether the prevailing wage requirement of Labor Law § 220 is applicable to a construction contract entered into by the Bath Volunteer Fire Department (BVFD). We hold that because no public agency, as contemplated by the statute, is a party to the contract, the prevailing wage law does not apply.

The Bath Volunteer Fire Department is a not-for-profit fire corporation under Not-For-Profit Corporation Law § 1402. Historically, it operated from a building owned by the Village of Bath. Sometime prior to 2002, it determined that the facility was inadequate for its needs. After the Village declined to build it a new firehouse, BVFD commissioned a feasibility study and obtained its own financing for the construction of one. It acquired land and invited contractors to bid for the construction work. In September 2006, it hired petitioner R-J Taylor General Contractors, Inc. (Taylor) as the general contractor. Taylor subsequently hired a number of subcontractors to construct the various portions of the firehouse.

After an investigation, the Department of Labor (DOL) issued an opinion letter, concluding that the firehouse project was a public work subject to the prevailing wage law. Once the subcontractors learned of the DOL's determination, work on the project halted. In December 2006, BVFD agreed to indemnify Taylor and its subcontractors against any liability resulting from their failure to pay the prevailing wages, and construction resumed and the project was completed.

In the meantime, an administrative hearing was held on the question of the applicability of the prevailing wage law to the firehouse project. The Hearing Officer determined that the project was subject to the prevailing wage law, concluding that the firehouse project satisfied both prongs of the so-called *Erie County* test for prevailing wage law applicability (*see Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532 [1983], *affd for reasons stated below* 63 NY2d 810 [1984]). Specifically, the Hearing Officer concluded that volunteer fire corporations, such as BVFD, are the "functional equivalent[s]" of municipal corporations and are therefore "covered entities" under Labor Law § 220. In the alternative, the Hearing Officer reasoned that even if a volunteer fire corporation did not generally satisfy the public entity test, the protection services agreement between BVFD and the Village of Bath satisfied the first prong of the test. Further, because the Village authorized and supported the firehouse project, and the object of the project entailed provision of fire protection services for the community, the project satisfied the "public works" requirement.

Petitioners commenced this article 78 proceeding for review of that determination. The Appellate Division confirmed the determination and dismissed the petition (86 AD3d 812 [3d Dept 2011]). This Court granted petitioners' motion for leave to appeal (18 NY3d 806 [2012]) and we now reverse.

We begin by considering whether the first prong of the *Erie County* test—the public agency prong—has been met. The prevailing wage law covers contracts involving each of four specific public entities: the state, a public benefit corporation, a municipal corporation or a commission appointed pursuant to law (*see* Labor Law § 220 [2]). It is undisputed that BVFD is a fire corporation as defined by the Not-For-Profit Corporation Law, and it is not one of the public entities named in the statute. Nevertheless, the Commissioner determined that BVFD could be deemed "the functional equivalent" of a "municipal department" within the meaning of the Labor Law. In doing so, the Commissioner considered, among other things, that volunteer fire corporations receive immunity for negligence in extinguishing fires just like district and municipal fire corporations; members of volunteer fire corporations enjoy many of the same benefits as public service employees, including immunity from liability in performance of their duties; and volunteer fire corporations are statutorily under the supervision of the municipality they service.

The "functional equivalent" test, however, was rejected by this Court in *Matter of New York Charter School Assn. v Smith* (15 NY3d 403 [2010]). There, the DOL deemed charter schools "public benefit corporations" because the schools serve a valuable public purpose and their existence is the result of a charter issued by a state or local municipal entity. Given those factors, the DOL determined that charter schools met the requirements established by the courts of this State for public work projects. We rejected that argument because while charter schools, like volunteer fire corporations, may be "quasi-public" in nature, they are not a specified public entity and thus, do not fit within the ambit of the statute (*id.* at 410).

Had the legislature intended to include volunteer fire corporations under the statute, it could easily have done so. Notably, in 2007, the legislature expanded the statute's coverage to include contracts involving other types of entities, but only when it can be shown they were acting on behalf of the public entity (Labor Law § 220 [2]; *see Charter School Assn.*, 15 NY3d at .410). Indeed, certain volunteer fire department contracts may fall under the prevailing wage law based on the amendment language. At the time of this contract, however, the 2007 amendment of the prevailing wage law did not exist.

The Commissioner argues alternatively that the service agreements entered into with the Village trigger the prevailing wage requirement. However, these contracts are for emergency services pursuant to Village Law § 4-412 (9). That provision empowers a village to contract with the local fire corporation for the "furnishing of fire protection within the village" (*id.*). The service agreements do not include any provision contemplating the work involved here: the construction of a new firehouse (*see Charter School Assn.*, 15 NY3d at 409). Thus, the service agreements are not a contract for public work within the meaning of the prevailing wage law.

Because of our determination, we need not reach the issue of whether the construction project meets the criteria of a "public work" under the second prong of the prevailing wage law test.

Accordingly, the judgment of the Appellate Division should be reversed, with costs, the petition should be granted and respondent's determination should be annulled.

Chief Judge LIPPMAN (dissenting). Article I, section 17 of our State Constitution commands that

> "[n]o laborer, worker or mechanic, in the employ
> of a contractor or sub-contractor engaged in the

> performance of any public work . . . [shall] be paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used."

The provision says absolutely nothing about public agency contracting; it simply requires that the prevailing wage be paid to workers engaged in the performance of "any public work." Conditioning payment of the prevailing wage upon the existence of a contract with a public agency, is an interpolation traceable instead to the legislature, which, in implementing article I, section 17, provided that "[e]ach contract [for a public work] to which the state or a public benefit corporation or a municipal corporation or a commission appointed pursuant to law is a party . . . and which may involve the employment of laborers, workers or mechanics" would trigger the prevailing wage requirement (Labor Law § 220 [2], [3]). Although this language could have been understood differently, it was judicially read as limiting the prevailing wage requirement to work contracted for by a public agency (*see Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532 [4th Dept 1983], *affd* 63 NY2d 810 [1984]). And, while this construction was dicta in *Erie County*—a case which turned entirely upon whether the contracted for project qualified as a public work (94 AD2d at 537-540)—it has stuck, with results, likely unforeseen, that are now generally acknowledged to have been incompatible with the categorical constitutional command that workers employed on public works be paid the prevailing wage. In *Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor* (223 AD2d 285 [1996]), the most commonly cited example of this disjunction, a highway ramp constructed by a private party pursuant to a State Department of Transportation permit was found to be a public work (*id.* at 287), but the Appellate Division was constrained to deem it immune from section 220's prevailing wage requirement because, notwithstanding the state permit and the contemplated state ownership of the ramp once completed, the State had not itself contracted for the improvement (*id.* at 288).

To address what is now commonly referred to as the "loophole" created by section 220's original public agency contract requirement, the statute was amended in 2007 to provide, in substance, that that requirement could be met not only by the already specifically enumerated public entities, but also by third parties contracting for a public work on a public entity's behalf (*see* Labor Law § 220 [2] [as amended by L 2007, ch 678]).

The contract for the construction of the new Bath firehouse was entered into by the Bath Volunteer Fire Department (the BVFD) and R-J Taylor General Contractors, Inc. in 2006. It was, then, not subject to section 220's "loophole" closing amendment. Had it been, it is clear that it would have qualified as a prevailing wage trigger, since it was plainly a contract for a public work—a firehouse having as its purpose the provision of a quintessentially governmental service under municipal control (*see* N-PCL 1402 [e] [1])[1]—and was executed by a party (the BVFD) duly found by the Commissioner, after an evidentiary hearing at which the Village of Bath's close financial and consultative involvement with the firehouse construction project was set upon the record, to have been contracting on behalf of a municipal entity.

The question thus arising is whether respondent Commissioner should be deemed to have erred when, in September 2010—that is to say, subsequent to section 220's remedial amendment and the attendant recognition of the pre-amendment statute's inadequacy (*see* Governor's Mem approving L 2007, ch 678, 2007 NY Legis Ann at 425)—she construed the pre-amendment statute to capture, as an entity capable of triggering the prevailing wage requirement, a fire corporation, clearly acting in the stead of and for the benefit of a statutorily covered municipal entity, and doing so for the frankly acknowledged purpose of avoiding the prevailing wage requirement.[2] While plugging a legislative loophole is ordinarily a legislative task and, as such, not one appropriate for an administrative agency, the situation confronting the Commissioner was not so clear-cut. The Commissioner was charged with enforcing a statute that in its pre-amendment form was, as it had been read, demonstrably unequal to and, indeed, an occasional impediment to achieving the constitutional objective of assuring that workers employed on public works projects would be paid the prevailing wage. The liberty that the Commissioner took with the statute's application—employing the concept of functional equivalency to treat the BVFD as a municipal entity within the

---

1. This provision states in relevant part that special Type B "fire corporations," such as the BVFD, are subject to "the control of the city, village, fire district or town authorities having, by law, control over the prevention or extinguishment of fires therein" (N-PCL 1402 [e] [1]).

2. The Chief of the BVFD acknowledged at the administrative hearing that "the reason we [the BVFD] were owning the station[ ] [was] because we could significantly lower the labor rates . . . ."

statutory enumeration—does not in this unusual legal and temporal context appear at all unreasonable as a means of achieving what the statute, in implementing article I, section 17 of the State Constitution, was supposed to, but sometimes failed to, accomplish because of its legislatively acknowledged "loophole."

Having said this, I acknowledge that the rules of statutory construction, acontextually deployed, plausibly support the result the Court has reached. The statute said what it said in 2006 and its enumeration of entities capable of triggering the prevailing wage requirement admits of being understood as exclusive, if one's understanding is guided solely by the commonly applied statutory construction maxim that what the legislature did not include when it undertook to describe the situations to which an enactment would apply, it intended to omit (*see e.g. Walker v Town of Hempstead*, 84 NY2d 360, 367 [1994]; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208-209 [1976]).

But, leaving aside the circumstance that, as has been clear since the statute's 2007 "loophole" patching amendment, the omission which the Court now vests with decisive import, was not intentional but simply attributable to a failure to anticipate a device by which the prevailing wage mandate could and would be circumvented by public agencies, application of the relied upon maxim does not require today's constitutionally dissonant redux of the *Pyramid* anomaly. This is because it is clear that, as the Commissioner found, the Village of Bath—a municipal entity indisputably covered by the unamended statute's enumeration—itself triggered the prevailing wage requirement when, in the annual contract pursuant to which it retained the services of the BVFD, it agreed to increase BVFD's fee by $150,000—an uncommonly large ongoing commitment for a small municipality—for the clearly understood purpose of amortizing the debt to be assumed by the BVFD in connection with its financing of the construction of the Bath firehouse. While it is the majority's view that the subject services contract was for services only, and it is true that the contract did not expressly provide that the additional funding was to be applied to pay for the firehouse, the factual record made at the administrative hearing leaves not the slightest doubt that the contract did contemplate in a most concrete way the construction of the new village firehouse.

The chartering of a school, this Court has held, is not an agreement susceptible of description pursuant to Labor Law

§ 220 (2) as one "which may involve the employment of laborers, workers or mechanics" and thus may not occasion the applicability of the prevailing wage (*Matter of New York Charter School Assn. v Smith*, 15 NY3d 403, 409 [2010]). But, as the Court simultaneously acknowledged, an agreement pursuant to which money is paid for contemplated construction is quite different (*id.*, citing *Matter of 60 Mkt. St. Assoc. v Hartnett*, 153 AD2d 205 [3d Dept 1990], *affd* 76 NY2d 993 [1990]; *Matter of National R.R. Passenger Corp. v Hartnett*, 169 AD2d 127 [3d Dept 1991]). When public entities enter into agreements involving, even remotely, public payment for construction, the threshold for public entity contracting within the description of Labor Law § 220 (2) has been deemed to have been crossed (*see e.g. Matter of Bridgestone/Firestone, Inc. v Hartnett*, 175 AD2d 495 [3d Dept 1991] [warranty purchased on the State's behalf and eventually used to pay for a roof repair held to satisfy the public agency contracting requirement]). And, this is in keeping with the often adverted to admonition that section 220 "is to be interpreted with the degree of liberality essential to the attainment of the end in view," namely, that the State's territorial subdivisions will be held "to a standard of social justice in their dealings with laborers, workmen and mechanics" (*Bucci v Village of Port Chester*, 22 NY2d 195, 201 [1968] [internal quotation marks omitted]). It cannot be consistent with that admonition for the Court to hold, as it now does, that service agreements requiring annual payments by a municipality of public monies in substantial additional increments, explicable and explained in the extensive administrative record only as amounts necessary to service debt incurred in the construction of a village firehouse, are not contracts which "may involve the employment of laborers, workers or mechanics," and thus are not contracts for public work within the meaning of the Labor Law.

The confirmed factual finding of the Administrative Hearing Officer was that "the municipalities, [while] aware of and supporting the construction of a new firehouse, specifically agreed to increase the payments under the fire protection service agreement in amounts sufficient to fund its construction and loan amortization." It is only by overlooking this unreviewable finding (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230 [1974] ["the doctrine is well settled, that neither the Appellate Division nor the Court of Appeals

has power to upset the determination of an administrative tribunal on a question of fact"] [internal quotation marks omitted]), that the Court today manages to grant a state subdivision a dispensation from the prevailing wage law.

I would affirm the well-considered decision and order of the Appellate Division confirming the Commissioner's determination and dismissing the petition.

Judges GRAFFEO, READ and SMITH concur with Judge PIGOTT; Chief Judge LIPPMAN dissents and votes to affirm in an opinion; Judge RIVERA taking no part.

Judgment reversed, with costs, petition granted and respondent's determination annulled.