12-1127-cv
*Monz v. Rocky Point Fire District, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
                   CHRISTOPHER F. DRONEY,
                                *Circuit Judges*,
                   VINCENT L. BRICCETTI,
                                *District Judge.*[*]

_____

KENNETH MONZ,

                    *Plaintiff-Appellant*,

          -v.-                                              12-1127-cv

ROCKY POINT FIRE DISTRICT, ANTHONY GALLINO,
INDIVIDUALLY AND IN HIS CAPACITY AS CHAIRMAN
OF THE BOARD OF THE ROCKY POINT FIRE
DISTRICT BOARD OF FIRE COMMISSIONERS,
WILLIAM LATTMAN, DAVID BREWER, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS
OF THE ROCKY POINT FIRE DISTRICT BOARD OF FIRE
COMMISSIONERS,

                    *Defendants-Appellees*,

---

[*] The Honorable Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

ROCKY POINT FIRE DEPARTMENT,
ENGINE CO. #1, OF THE ROCKY POINT FIRE
DEPARTMENT, ALFONSE TIZANO, ANN LOGAN,

*Defendants*.

FOR APPELLANT:     SCOTT J. KREPPEIN, Hagney, Quatela,
                   Hargraves & Mari PLLC, Hauppauge, NY.

FOR APPELLEES:     JAMES J. KEEFE, Mineola, NY.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED**.

Plaintiff-Appellant Kenneth Monz ("Monz") appeals from a February 15, 2012 Memorandum and Order of the United States District Court for the Eastern District of New York (Seybert, *J.*) granting Defendants-Appellees' Rule 50(b) motion for judgment as a matter of law. The district court entered judgment as a matter of law and dismissed Monz's First Amendment retaliation claim, brought under 42 U.S.C. § 1983, after a jury reached a verdict in favor of Monz and awarded him $350,000 in compensatory damages. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review *de novo* a district court's decision to grant a Rule 50 motion for judgment as a matter of law, applying the same standard as the district court." *Cash v. Cnty. of Erie*, 654 F.3d 324, 332-33 (2d Cir. 2011) (internal citations omitted). This standard is quite stringent; judgment as a matter of law is appropriate "only when 'a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Id.* (quoting Fed. R. Civ. P. 50(a)(1)). In a case like this one, where the jury has already returned a verdict in favor of the non-movant, the burden is "particularly heavy," and we should uphold the district court's decision only "if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *See id.* (internal quotation marks omitted).

To succeed on his First Amendment retaliation claim, a plaintiff must present legally sufficient evidence for the jury to find it more likely than not that "(1) his speech

3

was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination."[2] *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 553 (2d Cir. 2001) (quoting *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999)).  Here, the only issue submitted to the jury was causation, namely, whether Defendants-Appellees retaliated against Monz on the basis of his protected speech.

Monz served as a volunteer firefighter in the Rocky Point Fire District (the "District") on-and-off for approximately thirty years.  In or around 2001, Monz

---

[2] The district court and the parties operated under the belief that the commissioners' refusal to reinstate Monz as a volunteer firefighter qualified as an adverse employment action.  Thus, the parties did not argue the issue below or brief the issue on appeal.  We assume, without deciding, that a volunteer position is a government benefit for purposes of a First Amendment retaliation claim.  *See Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 551 n.2 (2d Cir. 2001).  But we note the existence of a recent decision from the New York Court of Appeals that may counsel otherwise.  *M.G.M. Insulation, Inc. v. Gardner*, 2013 WL 598058 (N.Y. Feb. 19, 2013).  In *M.G.M.*, the New York Court determined that a volunteer fire corporation is not a specified public entity within the meaning of the prevailing wage requirement of Labor Law § 220.  *Id.*

expressed his dismay with the extent of drinking occurring in the firehouses in the District. Monz successfully lobbied for changes to the hours volunteer firefighters could consume alcoholic beverages on site. Not everyone in the District supported the reduced hours, including Defendant-Appellee William Lattman ("Lattman") and non-party Raymond "Hank" Strong ("Strong"). As Chief of the fire department however, Lattman did enforce the restricted hours.

During the 2002-2003 election season within the District, Monz ran for the position of third assistant chief of the department and Lattman ran against Defendant Ann Logan for one of five commissioner seats. As the captain of Company No. 1 within the fire department, Monz allowed both candidates to put up campaign posters in his company's firehouse. One night, two members of Company No. 2 (to which both Lattman and Strong belonged) defaced Logan's poster. Monz was angry about the incident and he argued with then-Assistant Chief Strong to have the two firefighters suspended from participating in the fire department's social events for six months. No discipline was meted out. Monz subsequently lost the election for third assistant chief.

Shortly thereafter, Monz was unable to devote sufficient time to his job as a volunteer firefighter because his wife and son took ill. Monz applied for a leave of absence which was denied. In November 2003, Monz resigned. Then-Chief Strong noted on Monz's resignation letter that Monz resigned in "bad standing" because his percentage of participation in fire department events was only 1.9% rather than the requisite 15%. After observing the one-year waiting period, Monz applied for reinstatement. Although the volunteer firefighters collectively voted to reinstate Monz, his application was denied by the commissioners because the three Defendants-Appellees named herein voted against him.

Monz brought this action under Section 1983 claiming that Defendants-Appellees refused to reinstate him because of his protected speech about limiting drinking in the firehouses and the fire department's general "frat boy" image. At trial, the jury heard evidence related to both the drinking-hours incident and the campaign-poster incident. However, as the district court rightly determined, only the former matter involved protected speech by virtue of being on a topic of "public concern." *See Ross v. Breslin*, 693 F.3d 300, 305 (2d Cir. 2012). Monz's

6

efforts to have the two members of Company No. 2 who defaced the campaign poster disciplined were not constitutionally protected because these expressions were made pursuant to his "official duties" as captain of Company No. 1. *See Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006). Thus, only the former episode could serve as an appropriate basis for unlawful retaliation – a fact that the jury may not have clearly understood.

We agree with the district court that the jury's verdict that Monz's speech regarding the drinking hours was a substantial or motivating factor in the commissioners' refusal to reinstate him is not supported by legally sufficient evidence. While testifying about his decision to push for a social suspension following the campaign-poster incident, Monz explained that he was cautious because he had thought about running for Chief in the future and he

> knew that being Company 2, it was going to be a problem. The drinking thing's forgotten about, we are all pals, hanging out, going to Chief Bill [Lattman] and Hank [Strong] invited me to chiefs council meetings, to see what it's about being a chief, I loved it.

(JA 51.)

In conjunction with the absence of direct evidence that Defendants-Appellees refused to reinstate Monz because of

7

his speech regarding drinking in the firehouses, Monz's low percentage of participation prior to his resignation, and the approximate four-year interlude between the drinking-hours incident and the alleged retaliation, we find that Monz did not present legally sufficient evidence for the jury to find in his favor.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
```

8